UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARY MCCULLEN,                                    Case No.:

                                    Plaintiff,

                                                  COMPLAINT AND
                    -against-                      JURY DEMAND

THE CITY OF NEW YORK and DETECTIVE
RUPERTO VALENTIN,

                                    Defendants.
-------------------------------------------------------------------X

        Plaintiff, MARY MCCULLEN, by and through her attorney, ALEXANDER M.

DUDELSON, ESQ., states as follows:

## INTRODUCTION

        1.      This is an action for the wrongful acts of defendants THE CITY OF NEW YORK

and DETECTIVE ROBERTO VALENTIN, in violation of Plaintiff's rights secured by 42

U.S.C. Section 1983 and the Constitution and laws of the United States.

        2.      Plaintiff, MARY MCCULLEN, alleges that beginning on or about May 30, 2014,

defendants committed wrongful and illegal acts against plaintiff, including falsely arresting

plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff,

using excessive force in effecting the arrest of plaintiff, and negligence in the hiring and

retaining of incompetent and unfit officers and employees, negligence in the training and

instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil

rights.

## JURISDICTION

-1-

3.     This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4.     Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5.     Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6.     Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

PARTIES

7.     At all times relevant hereto, plaintiff MARY MCCULLEN, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8.     At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9.     At all times relevant hereto, defendant DETECTIVE RUPERTO VALENTIN was at all times relevant to this action, a detective employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, DETECTIVE RUPERTO VALENTIN was assigned to the 547 Command of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

-2-

10.     At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11.     At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants DETECTIVE RUPERTO VALENTIN.

12.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13.     At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting a seizure and intimidation.

14.     The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff MARY MCCULLEN.

## FACTUAL BACKGROUND

15.     At all times relevant to this action, Plaintiff MARY MCCULLEN resided at an apartment located at 60 Moore Street, Brooklyn, New York.

16.     At all times relevant to this action, Plaintiff MARY MCCULLEN resided with her husband, two daughters and two grandchildren.

17.     At all times relevant to this action, Plaintiff MARY MCCULLEN was sixty years of age.

18.     At all times relevant herein the Plaintiff was permanently disabled after suffering from a stroke.

19.     At all times relevant herein the Plaintiff was required to take medication for her heart condition.

20.     On May 30, 2014 at approximately 6:00 A.M. the Plaintiff was awoken by banging noises coming from within her apartment.

21.     On May 30, 2014 at approximately 6:00 A.M. Defendant DETECTIVE RUPERTO VALENTIN and other officers of the NYPD stormed into the Plaintiff's bedroom.

22.     That the Plaintiff was dressed in a t-shirt and shorts.

23.     That Defendant DETECTIVE RUPERTO VALENTIN grabbed the Plaintiff's left arm, extended it to a straight position, and pushed his arm and body weight into the Plaintiff's elbow area, which caused her to be slammed onto the floor.

24.     The Plaintiff stated "please stop, you are going to break my arm."

25.     That Defendant DETECTIVE RUPERTO VALENTIN continued to apply force to the Plaintiff's right arm, which caused her extreme pain.

26.     That Defendant DETECTIVE RUPERTO VALENTIN then pointed a firearm directly at the Plaintiff's head.

27.     Defendant DETECTIVE RUPERTO VALENTIN then asked the Plaintiff where he could find J.M.

-4-

28.    That J.M. is the Plaintiff's youngest daughter.

29.    The Plaintiff advised Defendant DETECTIVE RUPERTO VALENTIN that J.M. was in another bedroom.

30.    The Plaintiff advised Defendant DETECTIVE RUPERTO VALENTIN that she had a heart condition, he heart was "acting up," and requested that she take her heart medication.

31.    That Defendant DETECTIVE RUPERTO VALENTIN stated: "go ahead and have a heart attack."

32.    The Plaintiff advised the Defendant DETECTIVE RUPERTO VALENTIN that she was required to take heart medication every morning.  Defendant DETECTIVE RUPERTO VALENTIN ignored her statement.

33.    The Plaintiff was handcuffed and caused to remain in her bedroom for approximately two hours.

34.    While confined to her bedroom, the Plaintiff requested that Defendant DETECTIVE RUPERTO VALENTIN call an ambulance so that a doctor could provide her with heart medication.  Said requests were denied.

35.    While confined to her bedroom, the Plaintiff requested that Defendant DETECTIVE RUPERTO VALENTIN call her personal physician so that he could be advised of her medical condition.  Said requests were denied.

36.    While confined to her bedroom, the Plaintiff specifically stated to Defendant DETECTIVE RUPERTO VALENTIN that she was a stroke victim and was in need of Plavix. Defendant DETECTIVE RUPERTO VALENTIN ignored the Plaintiff.

37.    After approximately two hours, the Plaintiff was relocated to the living room of her apartment where she was detained with her grandchildren and daughters.

38.    Plaintiff advised DETECTIVE RUPERTO VALENTIN that she was having pain and discomfort in her chest, back, neck, jaw and stomach.

39.    Plaintiff's repeated requests for medical treatment and to be released from handcuffs were denied.

40.    Approximately four hours later, an unknown detective released the plaintiff from her handcuffs.

41.    The Plaintiff was then brought to Woodhull Hospital for medical treatment.

42.    No criminal charges were brought against the plaintiff.

43.    To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of her liberty, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

44.    As a direct and proximate result of an unlawful seizure and excessive force, the Plaintiff makes a claim under the Fourth Amendment for the unlawful seizure itself, and seeks to recover damages from the time of detention.

45.    As a result of the Defendants actions, Plaintiff was seized and detained without just cause.

46.    As a direct and proximate cause of defendant's actions, Plaintiff was deprived of her rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

47.    Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers,

including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

48.     Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

49.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising  and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES
(DEFENDANTS DETECTIVE RUPERTO VALENTIN)

50.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-49 of this complaint, as though fully set forth therein.

51.     The actions of Defendant DETECTIVE RUPERTO VALENTIN, acting under the color of state law, deprived Plaintiff of her rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures.

52.     By these actions, Defendant DETECTIVE RUPERTO VALENTIN deprived Plaintiff of her rights secured by the Fourth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### THE EXCESSIVE USE OF FORCE
### (Defendant DETECTIVE RUPERTO VALENTIN)

53.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-52 of this complaint, as though fully set forth therein

54.     Defendant DETECTIVE RUPERTO VALENTIN, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the seizure of plaintiff MARY MCCULLEN such that plaintiff MARY MCCULLEN was injured.

55.     That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting the seizure of plaintiff MARY MCCULLEN, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

56.     By reason of the aforesaid, plaintiff MARY MCCULLEN suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

57.     The acts and conduct of MARY MCCULLEN, as alleged in the foregoing paragraphs constitute the excessive use of force in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

THIRD CLAIM: VIOLATION OF RIGHT TO DUE PROCESS:
DELIBERATE INDIFFERENCE TO MEDICAL CONDITION
( Defendant DETECTIVE RUPERTO VALENTIN)

58.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-57 of this complaint as though fully set forth therein.

59.     That the Plaintiff suffered from a serious medical condition.

60.     Defendant DETECTIVE RUPERTO VALENTIN consciously disregarded a known medical condition that risked infliction serious harm on the Plaintiff.

61.     Defendant DETECTIVE RUPERTO VALENTIN was aware of the Plaintiff's condition.

62.     Defendant DETECTIVE RUPERTO VALENTIN had a general knowledge that the Plaintiff was at risk, which he chose to disregard, knowingly putting the Plaintiff in peril.

63.     As a result of Defendant DETECTIVE RUPERTO VALENTIN's conduct, the Plaintiff has been damaged.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

64.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-63 of this complaint and though fully set forth therein.

65.     At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant officers.

66.     Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other

employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

67.     Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

68.     This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity.  These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009)

69.     Additionally, upon information and belief, Defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the Defendant Officers, sergeant and employees herein, for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the Defendant officers, sergeants and employees herein to have a deliberate indifference to serious medical conditions that amounted to an abuse of official power causing injury and violating Plaintiff's constitutional rights, and/or permit these actions to take place with their knowledge and/or consent.

70.     In 1999, Kenneth Almos, Jon E. Jordan and Charles Stimson were detained for non-violent violations at a protest.  The men were infected with HIV and were denied their medication while being held in custody causing severe emotional distress.

71.     In addition to settling with each of the plaintiff's in that action, the New York Police Department made a statement that the department was already modifying its policies on access to medication for inmates as part of a settlement from a 1992 case that made a similar claim.

72.     In 2014, Richard Gonzalez, Jr., an infant, by his mother and natural guardian, Divian Ramos made a claim against the City of New York and individual police officers for denying him access to his insulin to treat his diabetic condition.

73.     Richard Gonzalez, Jr. was arrested in a shooting of another teen because he and the actual assailant shared the same nickname.  Gonzalez's charges were eventually dropped and the City of New York settled the civil matter.

74.     That Defendant DETECTIVE RUPERTO VALENTIN has been a defendant in several police misconduct cases including but not limited to: Birko v. Cohen, 13-cv-06631 (E.D.N.Y.) (ARR) (VVP); Lopez v. City of New York, 15-cv-06115 (E.D.N.Y.) (MKB) (VMS); Simmons v. The City of New York, 12-cv-05774 (E.D.N.Y.) (MKB) (RML); Peterson v. Goodwin, 12-cv-06112 (E.D.N.Y.) (RJD) (MDG).

75.     As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and

-12-

proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff therein.

76.     The acts of Defendant CITY OF NEW YORK as set forth above in paragraphs 1-75 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States and the State of New York; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure.

77.     By these actions, Defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983 and further violated his rights under the New York State Constitution.

78.     As a result of the foregoing, Plaintiff sustained great physical and emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MARY MCCULLEN requests the following relief jointly and severally as against all of the Defendants:

1.     Award compensatory damages in an amount to be determined at trial;

2.     Award punitive damages in an amount to be determined at trial;

3.     Disbursements, costs and attorney's fees; and

4.     For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
       May 24, 2017

/s/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff, Mary McCullen*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100